IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERTO MARROQUIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 1:15-CV-00718 |
| | § | |
| FLINTCO, INC., | § | JURY |
| | § | |
| Defendant. | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION FOR CONTINUANCE**

TO THE HONORABLE JUDGE ANDREW AUSTIN:

COMES NOW, FLINTCO, LLC, improperly named as Flintco, Inc., Defendant in the above-titled and numbered cause, and files this Response to Plaintiff's Memorandum in Support of Motion for Continuance [ECF Doc. 28], and in support thereof would respectfully show the Court as follows:

### I.   BACKGROUND

1. "[A] trial court need not aid non-movants who have occasioned their own predicament through sloth." *Wichita Falls Office Assoc. v. Banc One Corp.*, 978 F.2d 915, 919 (5th Cir. 1992)(citation omitted). The predicament Plaintiff admits he is in, an inability to respond to Defendant's motion for summary judgment, has been brought about by his failure to conduct any meaningful discovery in this case.

2. This case has been pending in federal court since August 17, 2015. Trial is set for November 7, 2016. The dispositive motion deadline was August 19, 2016. The deadline, agreed to by the parties and set by order of this Court, was known to Plaintiff. Defendant filed its

Motion for Summary Judgment (ECF Doc. 27) on August 17, 2016. Defendant cannot speculate as to why Plaintiff failed to engage in discovery, nor does Plaintiff's motion provide any explanation for his lack of diligence in developing his case.

## II.     GROUNDS FOR DENIAL

3.     Plaintiff's Motion for Continuance should be denied for the following reasons:

   A.     Plaintiff's motion is deficient under FED. R. CIV. P. 56(d) in that Plaintiff failed to attach an affidavit or declaration explaining his lack of diligence in obtaining any discovery;

   B.     Plaintiff is not entitled to relief under Rule 56(d) as he has shown no diligence in pursuing his claim; and

   C.     Plaintiff's motion improperly relies on vague assertions and fails to set forth with any specificity the facts sought to be established with the requested discovery, and how the specific facts would influence the pending motion for summary judgment.

## III.     CASE BACKGROUND

4.     Plaintiff filed this premises liability suit on the eve of limitations in state district court on July 15, 2015. *See* Pl's Orig. Pet. (ECF Doc. 1, Exh. A). Defendant removed the case to the United States District Court for the Western District of Texas, Austin Division on August 17, 2015, on the basis of diversity jurisdiction. (ECF Doc. 1).

5.     The parties submitted a joint proposed scheduling order for Judge Pittman. (ECF Doc. 7). Judge Pittman held a pretrial conference on November 2, 2015. (ECF Doc. 14). On November 2, 2015, Judge Pittman signed the scheduling order setting a discovery deadline of August 12, 2016. (ECF Doc. 15). The dispositive motion deadline was set for August 19, 2016. *Id*.

6.     This case was assigned to this Court upon the parties' consent to a Magistrate. (ECF Doc. 13). This Court signed another scheduling order on February 18, 2016. (ECF Doc. 19). The

discovery deadline remained August 12, 2016, and the dispositive motion deadline remained August 19, 2016. *Id*.

**A     DISCOVERY CONDUCTED**

7.     Simply put, Plaintiff has conducted no meaningful discovery in this case. Plaintiff now finds himself faced with a motion for summary judgment to which he admits he cannot respond because he has not conducted discovery.[1]

8.     Following the parties' Rule 26 discovery conference, Plaintiff and Defendant exchanged initial disclosures.

9.     In its initial disclosures, Defendant identified Jose Martinez as a Flintco employee, and Miguel Angel Bolanos as a witness. *See* Exh. "B" – Def's Initial Disclosures.  Additionally, Defendant produced several written witness statements, including statements by Jose Martinez and Miguel Angel Bolanos.

10.    On December 21, 2015, Defendant served interrogatories, requests for production, and requests for admission on Plaintiff. *See* Exh. "C" – Discovery to Plaintiff. Plaintiff did not respond for nearly three months. *See* Exh. "D" – Cover Letter for Pl's Resp. to Requests for Production.[2] Defendant took Plaintiff's deposition on July 21, 2016 – within the original discovery deadline.

11.    On July 22, 2016 – three weeks before the original discovery deadline – Plaintiff had conducted no discovery. Plaintiff then served requests for admission, but nothing else. On that same date, attorney Nick Buttry requested depositions from Defendant for the first time.[3]

---

[1] As an example of the strange actions in this case, Plaintiff continued to file documents in state district court, despite the case being removed. *See* Exh. "A" – Roberto Marroquin's 1st Notice of Filing Affidavits and Records.
[2] Plaintiff requested at least three extensions to respond to discovery for a number of reasons which Defendant did not oppose.
[3] Mr. Buttry has not appeared in this case.

12.     On July 25, 2016, Plaintiff conferenced with Defendant to extend the discovery deadline, which Defendant did not oppose. The motion was not filed until August 4, 2016. (ECF Doc. 26). The court granted the unopposed motion on August 10, 2016. (ECF Dkt. 27).

13.     The dispositive motion deadline – August 19, 2016 –was not disturbed. Defendant filed its Motion for Summary Judgment on August 17, 2016. Plaintiff has not made any additional requests for depositions or served any additional written discovery requests since the filing of the motion.

14.     Trial is set for November 7, 2016. Plaintiff now seeks a continuance to respond to Defendant's motion on October 18, 2016, just under three weeks prior to trial.

## IV.     ARGUMENT AND AUTHORITY

### A.     PLAINTIFF'S MOTION FAILS TO PROVIDE AN AFFIDAVIT OR DECLARATION REQUIRED BY RULE 56(d)

15.     A court is authorized to defer considering a motion for summary judgment and/or allow additional time to take discovery if the non-movant "shows by affidavit or declaration that, for specified reasons, it cannot present evidence to justify its opposition." FED. R. CIV. P. 56(d). No affidavit or declaration is attached to Plaintiff's motion for continuance. *See Lawrence v. Fed. Home Loan Mortg. Corp.*, No. A-13-CV-913 LY, 2015 WL 1455441, at *7-8 (W.D. Tex. Mar. 30, 2015)(Lane, J), *subsequently aff'd*, 808 F.3d 670, 675 (5th Cir. 2015). Plaintiff has failed to follow the procedure set forth in Rule 56(d) and his motion should therefore be denied. *Id*.

### B.     PLAINTIFF'S LACK OF DILIGENCE IN CONDUCTING DISCOVERY PRECLUDES THE PROTECTION OF RULE 56(d)

16.     Alternatively, Plaintiff's motion lacks any explanation for why he has not conducted any meaningful discovery in the case or previously sought any deposition in this case – let alone the witnesses named in his motion.

17. A party seeking a continuance under FED. R. CIV. P. 56(d) must show that it has exercised due diligence in the pursuit of discovery. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001); *Int'l Shortstop, Inc. v. Rally's Inc.*, 939 F.2d 1275, 1267 (5th Cir. 1991)(citations omitted)(stating when a party informs the court that its diligent efforts to obtain evidence from the moving party have been unsuccessful, a continuance should be granted as a matter of course); *see also St. Bernard Parish v. Lafarge N. Amer.*, 550 Fed.Appx. 184, 187 (5th Cir. 2013). That more time is available for discovery does not in itself support granting a Rule 56(d) motion. *Leatherman v. Tarrant Cnty. Narcotics Intelligent & Coordination Unit*, 28 F.3d 1388, 1396-97 (5th Cir. 1994). If the party has not diligently pursued discovery, then he is not entitled to relief under Rule 56(d). *Beattie*, 254 F.3d at 606; *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014); *see also Int'l Shortstop, Inc.*, 939 F.2d at 1267 (citations omitted)(stating "where the nonmoving party has not diligently pursued discovery of that evidence, the court need not accommodate the nonmoving party's request.").

18. Plaintiff makes no allegation that the discovery sought was inaccessible to him throughout the entirety of this litigation. *See American Lease Plans, Inc. v. Silver Sand Co.*, 637 F.2d 311, 318 (5th Cir. 1981)(stating that "Silver Sand has proffered no reasons why the discovery the company now deems essential was not conducted earlier during the long course of this lawsuit; the company does not argue that this information was in any way inaccessible."). Defendant disclosed the identity of the two witnesses (Ramirez and Bolanos) in the elevator with its initial disclosures, along with their written statements. Plaintiff has had the identity and statements of these individuals for nearly the entirety of the case, yet inexplicably chose not to seek any depositions until the eve of the discovery and dispositive motion deadlines.

19.     The Fifth Circuit has held that district courts which have denied similar requests under similar circumstances did not abuse their discretion. *See Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 162 (5th Cir. 2006)(no abuse of discretion when discovery, including requested depositions, available throughout litigation); *Agee v. City of McKinney, Tex.*, 593 Fed.Appx. 311, 313-14 (5th Cir. 2014)(no abuse of discretion where non-movant failed to diligently pursue discovery); *Danos v. Union Carbide*, 541 Fed.Appx. 464, 467-68 (5th Cir. 2013)(no abuse of discretion when non-movant failed to send discovery, request depositions or request inspection).

20.     Plaintiff does not, and cannot, explain his lack of diligence in this case for conducting any meaningful discovery. All parties were aware of the Court's deadlines, including for dispositive motions. Despite this knowledge, Plaintiff chose not to engage in the discovery available under the federal rules which would allow him to respond to summary judgment. Plaintiff's motion must therefore be denied for his failure to diligently prosecute his claim.

C.      **PLAINTIFF'S MOTION IS NO MORE THAN VAGUE ASSERTIONS, INSUFFICIENT TO WARRANT RELIEF UNDER RULE 56(d)**

21.     A party seeking a Rule 56(d) continuance "must be able to demonstrate how postponement and additional discovery will allow it to defeat summary judgment; it is not enough to rely on vague assertions that discovery will produce needed, but unspecified facts." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)(citation omitted). The request to stay summary judgment under Rule 56(d) "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)(internal quotations and citations omitted).

22. While missing the required affidavit or declaration, Plaintiff's motion is still deficient as it constitutes nothing more than vague assertions. Plaintiff's motion fails to set forth – with any specificity – the facts he is seeking and how the facts would influence the outcome of the pending summary judgment motion.

23. The motion makes merely vague assertions that the depositions of Martinez and Bolanos are needed because – even at this late hour in the case – Plaintiff has no evidence of who was operating the subject elevator car.[4] Moreover, Plaintiff states that a corporate representative deposition is needed to "understand the control of work at Defendant's job site." Plaintiff makes no attempt to set forth what specific facts concerning the operation of the elevator or how his understanding of control at Defendant's job site would influence the pending motion.

24. Plaintiff's request for depositions appears to confuse what is actually pled in this case – a premises liability claim. (ECF Doc 1, Exh. A). Defendant's motion for summary judgment is primarily based on the ground that Defendant, as general contractor on a construction site, owed no duty to Plaintiff, an employee of a subcontractor. Plaintiff's request for additional discovery does not state how the requested depositions would result in specific facts which would be germane to Defendant's motion. Specifically, Plaintiff is silent as to how the identity of the person operating the elevator – the only fact Plaintiff offers as to Martinez and Bolanos – would pertain to the issues raised in Defendant's motion.

25. It is also surprising for Plaintiff to request additional discovery to "understand the control of work at Defendant's job site" as Plaintiff's own testimony conclusively establishes Defendant retained no control over the means, manner, or method of his work. *See* Def. Mot. Summ. J.

---

[4] Note also that Bolanos is a non-party witness, and Plaintiff has failed to show that his deposition may be taken within a reasonable time frame.

(ECF Doc. 27) at ¶¶ 12, 27.[5] Given the express statements of Plaintiff on the issue of control, a corporate representative deposition providing Plaintiff with an "understanding" of control would not influence the pending motion unless Plaintiff now seeks to dispute his own testimony.

## V.   CONCLUSION

26.   This Court need not aid Plaintiff who has occasioned his own predicament through sloth. Plaintiff's motion is both procedurally and substantively deficient. Plaintiff failed to attach an affidavit or declaration as required by Rule 56(d) in his request for a continuance. Plaintiff has failed to present any explanation for his failure to conduct any meaningful discovery. Plaintiff's complete lack of diligence in pursuing his claim means he is not entitled to relief under Rule 56(d). Finally, Plaintiff has failed to set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion. Rather, Plaintiff's motion is nothing more than vague assertions and the requested depositions would: (1) not provide any fact germane to the issues in the pending motion; and (2) only possibly give Plaintiff an "understanding" of another issue to which Plaintiff has provided clear and unequivocal testimony to. For these reasons, Plaintiff's motion should be denied.

## VI.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant Flintco, LLC, improperly named as Flintco, Inc., respectfully prays that this Honorable Court:

(1)   Deny Plaintiff's Memorandum in Support of Motion for Continuance (ECF Doc. 28); and

(2)   Order any further relief to which Defendant may be entitled either at law or in equity.

---

[5] *See also* Exh. A to Def. Mot. For Summ J. at 59:18-60:10; 61:14-17 (ECF Doc. 27-1, pp. 25-27).

        Respectfully submitted,

        THOMPSON, COE, COUSINS & IRONS, L.L.P.


By:    */s/ Sean M. Crowley*
        Jeff D. Otto
        State Bar No. 15345500
        Sean M. Crowley
        State Bar No. 24056955
        Melissa J. Ackie
        State Bar No. 24088686

701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: (512) 708-8200
Telecopy: (512) 708-8777
Email: jotto@thompsoncoe.com
Email: scrowley@thompsoncoe.com
Email: mackie@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 26th day of August, 2016, a copy of the foregoing document was served by ECF to the following:

Christopher T. Morrow
Scott J. Braden
Komie & Morrow, LLP
7703 N. Lamar Blvd., Suite 410
Austin, Texas 78752
(512) 338-0900 - Telephone
(512) 338-0902 – Fax
chris@komieandmorrow.com
scott@komieandmorrow.com
nick@komieandmorrow.com