IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERTO MARROQUIN | § | |
| | § | |
| V. | § | A-15-CV-718-AWA |
| | § | |
| FLINTCO, INC. | § | |

## ORDER

Before the Court is Plaintiff Roberto Marroquin's Motion to Continue Defendant's Motion for Summary Judgment, Dkt. No. 27, and Defendant Flintco, Inc.'s Response, Dkt. No. 30. On August 17, 2016, Flintco filed a Motion for Summary Judgment, Dkt. No. 27. The deadline for dispositive motions in this case was August 19, 2016. Under the Local Rules, Marroquin has 14 days, or until August 31, 2016, to file his response. Rather than file that response, on August 25, 2016, Marroquin filed the instant motion to continue, arguing that he needs to complete more discovery in order to respond. Specifically, Marroquin argues that he needs to depose a corporate representative of Flintco, as well as Jose Martinez and Miguel Angel Bolanos, witnesses to the incident giving rise to this action.

Flintco opposes Marroquin's motion for three reasons:

1. It is deficient under FED. R. CIV. P. 56(d), as Marroquin has failed to attach an affidavit or declaration in support of the motion;

2. Marroquin is not entitled to relief under Rule 56(d), as he has not diligently pursued discovery; and

3. Marroquin has failed to show the facts he wishes to establish with the requested discovery, and how said facts would influence the pending motion for summary judgment.

Flintco is correct on all three counts.

First, Marroquin has failed to attach an affidavit or declaration in support of his motion, as required under Rule 56(d). His motion is therefore deficient. Second, as Flintco notes, Marroquin's motion offers no justification for his failure to depose the witnesses named in his motion. A party seeking a continuance under Rule 56(d) must show that it has exercised due diligence in the pursuit of discovery. *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). Absent such diligence, it is not entitled to relief. *Id*. While it is true that the discovery period in this action is ongoing, it is also true that it has been one year since this action was removed to federal court, and that the period has not expired only because Flintco agreed to an extension, which was not requested by Maroquin until a little more than three weeks ago. Marroquin has not proffered any explanation as to why in the intervening year he failed to depose a corporate representative of Flintco, and the two witnesses he states were present at the time he suffered his injuries.

Finally, a party seeking a Rule 56(d) continuance "must be able to demonstrate how postponement and additional discovery will allow it to defeat summary judgment; it is not enough to rely on vague assertions that discovery will produce needed, but unspecified facts." *Am. Family Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (citation omitted). Marroquin argues that he needs the eyewitness's testimony in order to determine who was operating the elevator at the time of the incident. But Flintco's motion for summary judgment does not raise causation as an issue. Marroquin does argue that he needs the corporate representative's testimony in order to "understand the control of work at Defendant's job site," an issue that is raised by Flintco's motion for summary judgment, which focuses mainly on whether Flintco owed Marroquin a duty of care. Dkt. No. 28 at 2; Dkt. No. 27 at 2. But beyond simply stating that he needed the representative's testimony, Marroquin has not demonstrated which specific facts the testimony is

likely to produce, nor how they will allow him to defeat summary judgment. Such vague assertions are insufficient under Rule 56(d).

Accordingly, Plaintiff Roberto Marroquin's Motion to Continue Defendant's Motion for Summary Judgment, Dkt. No. 27, is **HEREBY DENIED**. So as to allow Marroquin the opportunity to file a response of some kind, the Court will, however, extend his deadline for responding to Defendant's Motion for Summary Judgment to **Friday, September 2, 2016**.

SIGNED this 30th day of August, 2016.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE