IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERTO MARROQUIN, | § | |
| *Plaintiff,* | § | |
| | § | |
| vs. | § | No. 1:15-CV-00718 |
| | § | |
| FLINTCO, INC., | § | JURY |
| *Defendant.* | § | |

## PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT THEREOF

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiff Roberto Marroquin hereby respectfully moves the Court for leave to file an amended complaint, a copy of which is attached hereto in accordance with Rule CV-7 (b) of the Local Court Rules[1], and in support thereof states the following:

### I.   PERTINENT BACKGROUND & BASIS FOR LEAVE

1. Plaintiff is Roberto Marroquin ("Mr. Marroquin"); Defendant is Flintco, Inc. ("Flintco").

2. This case arises out of personal injuries that Mr. Marroquin sustained in an incident that occurred on or about July 31, 2013, while installing windows in a dormitory on the campus of the University of Texas at Austin, when an exterior elevator, being operated by a Flintco employee, crushed him. As a result of the incident, and the negligent acts and/or omissions of Defendant and/or Defendant's employee(s) within the course of their employment with Defendant, Plaintiff suffered substantial injuries and damages, wherefore Plaintiff filed an original complaint with the Court on July 15, 2015.

---

[1] Exhibit A (a draft of Plaintiff's Amended Complaint)

3.      Defendant filed a motion for summary judgment on August 17, 2016 and Plaintiff has filed his response to the same on September 2, 2016. In Defendant's motion for summary judgment, Defendant asserts that Plaintiff's original complaint "is not the model of clarity"[2], argues that "Plaintiff's petition asserts only a premises liability cause of action", and shapes its arguments for moving for summary judgment under the misguided assumption that that assertion is conclusively true, while also holding, within the same motion, that "to [an] extent additional grounds of negligence can be read into the claims". Additionally, in Defendant's response to Plaintiff's Memorandum in Support of Motion for Continuance, Defendant continues the tread of remiss assertions, going so far as to state that Plaintiff's request for depositions, of which were requested nearly a month before Defendant moved for summary judgment, "appears to confuse what is actually pled in this case- a premises liability claim." [3]

4.      For reasons undetermined, the first time Plaintiff was made aware that Defendant interprets his original complaint to be riddled with vagueness and ambiguity was when Defendant moved for summary judgment in this matter on August 17, 2016—nearly six months after the scheduling order deadline had expired for parties to amend their pleadings.

5.      Rule 12 of the Federal Rules of Civil Procedure directly addresses how a party should proceed when issues of clarity arise in a party's pleadings, providing Defendant with procedural steps for addressing defects in a pleading prior to providing a response. If Defendant had pointed out the pleading defects complained of in his motion for summary judgment through an appropriate motion before filing a responsive pleading, Plaintiff would have been provided, as a matter of course, an opportunity to amend his complaint accordingly. Defendant, however, did not invoke this rule but instead preceded with filing his responsive pleading without, in the interest of justice,

---

[2] Exhibit B (Defendant's Motion for Summary Judgment) at § 19
[3] Exhibit C (Defendant's Response to Plaintiff's Memorandum in Support of Motion for Continuance) at § 24

bringing rise to his absence of a clear understanding as to what Plaintiff's claims are, and waited until the last hour to complain about the vagueness of Plaintiff's pleadings while subscribing to a self-serving interpretations of Plaintiff's claims.

6. Noticeably absent from Defendant's interpretation that Plaintiff's petition only alleged a premises liability claim is that Plaintiff's petition invokes the *respondeat superior* doctrine as grounds for his complaint—a form of strict liability (and entirely separate from premises liability) where an employer is *vicariously liable* from the torts of an employee acting within the scope of employment even though the employer did not personally comment the tort.[4] The petition specifically states "at all times material, the persons who proximately caused the incident in question and Plaintiff's damages were acting in the course and scope of their employment with Defendant" and clarifies that whenever Plaintiff's original complaint alleges that Defendant committed any acts or omissions, it is meant that Defendant's officers, agents, servants, employees, or representatives committed such acts or omissions.[5]

7. In summary, Plaintiff's amended complaint maintains the same counts and allegations against Defendant from the original complaint, but it accounts for factual details that have been revealed since the original complaint was filed, and clarifies the previously pled negligence theories against Defendant (*i.e.*, respondeat superior and premises liability). That is, amending in the complaint is in the interest of both parties and in the interest of justice.

---

[4] *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754. 757 (Tex.2007)
[5] *See* Plaintiff's Original Petition, Sec. IV, entitled "Respondeat Superior"

## II.  ARGUMENT

### A.  Plaintiff Has Good Cause for Seeking Leave to Amend the Complaint.

8.      Federal Rule of Civil Procedure 25(a)(2) provides that "the court should freely give leave when justice so requires"[6] However, it would be remiss to ignore that a request for leave to amend after the scheduling deadline for amendments has passed is met with the more stringent standard of requiring "good cause", and only when the movant demonstrates good cause to modify should the more liberal standard Rule 15(a) apply. The necessary conditions for meeting the "good cause" standard are (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.[7]

9.      Had Defendant made any prior concerns regarding ambiguity known through the procedural steps provided by Rule 12 of the Federal Rules of Civil Procedure, Plaintiff would have been provided an opportunity *as a matter of course* to amend his complaint in order to provide more definite statements and/or to remove any redundant, immaterial, or impertinent matter that may be contributing to Defendant's lack of clarity, as to provide Defendant with intelligibility on the matters of which he was confused prior to Defendant filing his responsive pleading. Plaintiff could not have reasonably known that Defendant was unclear as to the claims being plead within Plaintiff's pleading until Defendant pointed out the defects being complained of and stated the details desired.

10.     Most importantly, Defendant will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amended complaint. The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional

---

[6] Fed. R. Civ. P 15(a)(2) and *Foman v. Davis*, 371 U.S. 178, 182 (1962)
[7] *Southwestern Bell Telephone Company v. City of El Paso*, 346 F. 3d 541 (5th Cir. 2003)

discovery, cost, and preparation to defend against new facts or new theories. The proposed amended complaint does not involve any new claims and includes no additional facts not already known to Defendant. The proposed amendment seeks only to offer Defendant clarity concerning Plaintiff's already existing claims. Since Defendant is already aware of the factual bases of the incident made the bases of Plaintiff's cause of action, the amended complaint will not require additional discovery or cause any delay in this matter.

11. Conversely, Plaintiff's seeks to amend his complaint with the expectation that said amendments will effectively absolve existing discrepancies between the two parties' understanding of what has been pled by Plaintiff, advancing the mutual goal of resolving this matter.

### B. The Court Should Grant Leave to Amend as a Matter of Course under Rule 15(a)(1)(B), as Defendant's Complaints of Pleading Deficiencies within Defendant's Motion for Summary Judgment Should be Treated as a Rule 12(e) or (f) Motion

12. Additionally, "the moving party need not cite by their respective numbers when those rules are clearly indicated"[8], and, as such, Defendant's motion for summary judgment may properly be treated as a motion for a more definite statement and/or a motion to strike from Plaintiff's pleading—both of which would provide Plaintiff with 21 days to amend his complaint in accordance with any relevant issues raised by Defendant.[9]

### C. The Fifth Circuit Has Long Held that the Summary Judgment Process Can Effectively Amend the Pleadings

13. The Fifth Circuit has repeatedly held that a district court should treat a non-movant's response to a motion for summary judgment as a motion to amend their complaint.[10] Even into the late hour of pre-trial proceedings, the Fifth Circuit has held that it was improper for a district court to grant summary judgment against Plaintiff when the record revealed clearly that the Plaintiff

---

[8] *Dunn v. J.P. Stevens & Co., Inc.* 192 F. 2d 854 (2nd Cir. 1951)
[9] *Dunn v. J.P. Stevens & Co., Inc.* 192 F. 2d 854 (2nd Cir. 1951) and Fed. R. Civ. P 15(a)
[10] Ganther v. Ingle, 75 F.3d 207, 211-12 (5th Cir. 1996)

finally succeeded in bringing a viable interpretation of the case to the judge's attention. The Fifth Circuit concluded that "Rule 15 of the Federal Rules of Civil Procedure permits a party to amend his pleadings out of time by leave of court, and commands that 'such leave shall be freely given when justice so requires.'" and that the district court should have construed the Plaintiff's "frantically revised theory of the case as plainly set forth in their memorandum in opposition to summary judgment, as a motion to amend the pleadings filed out of time." Stating further that, "On the facts of [the] case, fair treatment for the [Plaintiff] requires that they not be deprived their day in court simply because, for a time, their attorney did much to insure that the day would never come." [11]

### III.  CONCLUSION

14.  For the reasons stated herein, good cause for amending the complaint seems evident and in the interest of justice. Therefore, Plaintiff respectfully requests the Court to grant leave to file the proposed amended complaint.

Dated: September 6, 2016  Respectfully submitted,

**KOMIE & MORROW LLP**

By: _/s/ Scott J. Braden_
Christopher T. Morrow
State Bar No. 00791307
chris@komieandmorrow.com
Scott J. Braden
State Bar No. 24067525
scott@komieandmorrow.com
7703 North Lamar Boulevard, Ste. 410
Austin, Texas 78752
(512) 338-0900 [Tel.]
(512) 338-0902 [Fax]
ATTORNEYS FOR PLAINTIFF

---

[11] Sherman v. Hallbauer, 455 F.2d 1236, 1241 (5th Cir. 1972)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument and all attachments have been served on all opposing counsel listed below on the 6th day of September 2016.

***Sent Via Facsimile:*** **512-708-8777**
***And via email:*** **SCrowley@thompsoncoe.com**
Sean M. Crowley
THOMPSON, COE, COUSINS & IRONS, LLP
701 Brazos, Suite 1500
Austin, Texas 78701
Telephone: 512-708-8200
Facsimile: 512-708-8777
ATTORNEYS FOR DEFENDANT

/s/ *Scott J. Braden*
Scott J. Braden